# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **LAURA BRUNO,** | ) |
| Plaintiff, | ) **Civil Action No.** |
| v. | ) **Jury Trial Demanded** |
| **INTEGRITY SOLUTION SERVICES, INC.,** | ) |
| Defendant. | ) |

## COMPLAINT

LAURA BRUNO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against INTEGRITY SOLUTION SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

PLAINTIFF'S COMPLAINT

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Powell, Tennessee 37849.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 20 Corporate Hills Drive, St. Charles, Missouri 63301.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect an alleged consumer debt.

12. The alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

13. Beginning in or around October 2014, and continuing through December 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

14. On average, Defendant's collectors called Plaintiff two to four times per day with

the intent to annoy and harass her.

15. Plaintiff advised Defendant's collectors that she did not wish to be called and also asked that Defendant send her a written statement in writing regarding the alleged debt at issue.

16. Defendant's collector acknowledged Plaintiff's requests as stated above, yet calls persisted and no written correspondence was received.

17. Once Defendant was aware that Plaintiff did not wish to be contacted by telephone there was no reason for any additional calls, other than for the purposes of harassment.

18. Finally, within five days of its initial communication with Plaintiff, Defendant failed to send written notification of her rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

19. Defendant's actions as described herein were made with the intent to harass, annoy, and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; and, when it continued to call Plaintiff after having knowledge that Plaintiff did not wish to be called.

## COUNT II
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated §1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone with the intent to annoy, abuse, or harass Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

24. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

25. Defendant violated § 1692f when it harassed Plaintiff regarding the alleged debt; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

26. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

4

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

27. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, LAURA BRUNO, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
   d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LAURA BRUNO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: January 15, 2015         By: /s/ Amy L. Bennecoff
                                    Amy L. Bennecoff, Esq.
                                    BPR # 28563
                                    Kimmel & Silverman, P.C.
                                    30 E. Butler Avenue
                                    Ambler, PA 19002
                                    Tel: (215) 540-8888
                                    Fax: (877) 788-2864
                                    Email: abennecoff@creditlaw.com
                                    Attorney for Plaintiff